Good morning, Your Honors. May it please the Court, David L. Ross on behalf of the appellant, Esther Piperno. I would also ask to reserve three minutes in rebuttal, Your Honor. This case represents an issue that has never actually been dealt with by this Court, namely, whether or not you can get a second bite at the apple, as it were, as characterized by the respondent. There are two issues here that are seminal in this case. The first issue deals with, after having done a petition for review, whether or not the alien, in this case, is eligible for habeas pursuant to INS v. St. Cyr and Magano-Pisano, and is not precluded from utilizing 2241 as a basis for challenging the constitutional validity of the order. It is our concern. So what relief was sought in the habeas petition? That is a question, Your Honor, that I believe the record will show that she did not only request a stave deportation, but she incorporated her motion to reopen, which raised an issue as to the fairness of the hearing. If we look in the administrative record, which is submitted as part of the excerpts on 0041, it clearly indicates that she is referencing her motion to reopen, and the motion to reopen does discuss the unfairness that was perpetrated by the immigration judge with regard to refusing a continuance so that she could qualify under the seven-year rule. And so, counsel, once the motion to reopen was denied, why did that not render moot the habeas petition? Because, Your Honor, the motion to reopen was an issue that was decided by the Board of Immigration Appeals. The Board of Immigration Appeals does not have the authority to review constitutional issues. It can only review matters of law. It chose to focus only on one issue, the seven-year residency that the individual either acquired or did not acquire. It did not discuss at all anything involving constitutional issues. It did not discuss how the case was handled by the immigration judge. And it didn't even go into the issue of hardship, which is one of the issues that was raised here by the Respondent. It specifically and only discussed the issue of the seven-year residency. So the constitutional issues can be reviewed in a habeas proceeding. What's your best case authority for the proposition that the habeas petition is viable in this case? Magano-Pisano. In our opinion, Your Honors, the Magano-Pisano case, which was decided in 1999 by this Court, as well as INS v. St. Cyr, which is a Supreme Court decision, clearly allows for review in a habeas proceeding these types of issues. And I would also mention that the Court came down with a decision just very recently, September 17th, and the decision is called, if you just bear with me one moment, it is Stephen Enterprises, Chang v. USA, and it's a 9-17-2003 case. Excuse me. Spencer Enterprises, Chang v. USA. It's 2003 U.S. Appellate Lexis 19209, which says that unless Congress specifically mandates a discretionary decision by the Attorney General, it is not possible to review it. So even if the word discretion is used, if it doesn't specifically mandate that this particular act must be discretionary, then it is reviewable by the courts. And I believe that the hardship determination is reviewable. I think that if we look at it in context of this new case that just came down from the circuit, Your Honor, I believe that even the issue of hardship is reviewable for two reasons. One, because the Court pointed out that it would have to specifically say, say that there must be a discretionary act, which it does not in the statute. Section 244 only begins with the words the Attorney General in his discretion may grant suspension, but doesn't specifically say hardship is discretionary. And two, any time there's a constitutional challenge to hardship, it is still reviewable in a habeas, and what we're talking here is a constitutional challenge to how it was applied, that is, the eligibility of the hardship is what is at issue here, not so much how it was decided upon by the immigration judge, but the fact that she may be, in fact, eligible. That is an issue that constitutional review would allow the Court in a habeas to do. And I would like to reserve the rest of my time for you. I want to ask you, just before you sit down, will you point specifically to the language in the habeas petition that referenced the motion to reopen and the fact that the habeas petition was seeking review of that? Yes, it's on 00041 of the excerpts, appellant's excerpts of record. And it specifically says on line 21, the Parano's likelihood of prevailing in her pending motion to reopen is good cause for granting this application for a stay of deportation. I'm sorry, Your Honor. Go ahead. She's referencing her motion to reopen, and she goes on to say, as demonstrated in Perparano's pending motion to reopen for suspension of deportation, the extreme hardship element is greatly improved. And I'm paraphrasing. She specifically incorporated her motion to reopen, and she said, look, everything that I said in my motion to reopen, I want you to consider in this Court. And that's why the matter is so important. In the context of the motion for a stay, the application for a stay. That's true, because the motion for stay, the petition for stay, was based on the fact that she had a meritorious case. We can't file a stay request in a vacuum. We can't just ask for a stay. There has to be a basis for it. I understand that. But once she said that her motion to reopen was likely to succeed and it didn't, so what does that do to her argument at that point? Well, the truth of the matter is we still believe as of today that the Board of Immigration Appeals was incorrect and that, in fact, her motion to reopen should have succeeded. But it didn't. So what does that do to the tie-in that you're referencing here? That doesn't vitiate, Your Honor, the constitutional claim that she made, namely that she had an improper hearing and mainly that the standard that was applied to her was improper constitutionally. That doesn't vitiate that claim. That's an issue that could be raised on direct appeal to this Court from the BIA, correct? I'm sorry, Your Honor. That is an issue that could be raised directly on direct appeal to this Court from the BIA, correct? That is correct, Your Honor. But as I said ---- And your argument is that if you raise it in this Court and this Court rules one way or the other for good or ill, then you can raise it again in the district court. That's your argument, right? In the context of 2241, exactly. And I don't see any other ---- I don't see any other reason for the BIA's exercise of discretion. We just want to stay. That doesn't make any difference either. We did not ask the district court not to review the BIA decision. And, in fact, the judge specifically ruled on the merits of the case. The case, this heading. The Petitioner is not asking the Court to review BIA decisions exercising discretion. That's the heading. All we ask for is a stay. That's what you said. The issue of discretion was a separate issue. The issue here was whether or not she had a fair hearing. The issue of discretion had something to do with the fact that at that moment in time, the Board of Immigration Appeals had not yet decided. Ultimately, it did decide after the habeas was filed. But what we are not asking is ---- excuse me, what we are asking is for the Court to review the constitutionality of its application of the law. I understand. You should still bifurcate the two issues. And I would like to reserve the rest for rebuttal. Thank you, counsel. May it please the Court. I'm August Wenge with the Department of Justice, and I'm here on behalf of the Bureau of Immigration and Customs Enforcement. This Court should affirm the district court's decision dismissing Ms. Paperno's habeas petition. The case comes in an unusual procedural posture in that Ms. Paperno appears to have initially sought only to stay her removal from the country pending a motion to reopen before the BIA. That motion to reopen has now been decided, and she sought and did not obtain successful appeal in this Court. I think the real story here is that she's not really challenging the legality of her deportation order. Nowhere in the other side's brief do they question the reason that the BIA gave for declining to reopen proceedings, which is that she does not satisfy the seven-year continuous residency rule. Instead, Ms. Paperno appears to be seeking a some sort of temporary stay concerning a medical condition. That's not something that is appropriate in a habeas action. And, in fact, the Bureau showed that when she submitted convincing evidence of a medical condition, it was willing to grant a stay on that basis. That's in the record at page 35. Habeas courts are precluded from considering those discretionary stays of a legal removal order by section 1252G, and it's simply not the proper forum to consider an ongoing medical condition. Instead, the Bureau is able and, as shown in this case, willing to consider evidence of a serious medical condition when executing a valid removal order. Beyond this, beyond what appears to be the real story here, there are a host of legal barriers that stand in the way of this action. First, as I explained, the claim is moot here. Ms. Paperno sought a stay of her deportation pending BIA proceedings. Those proceedings have now concluded. Second, even if the habeas petition is viewed as a challenge to the merits, it's precluded in this specific case because she has already obtained review and petitioned for review proceedings. And 8 U.S.C. section 1105AC of the old version of the INA precludes habeas proceedings by name when the validity of a deportation order has already been considered. Finally, as a more general matter, review in habeas should be precluded when review is available to a petitioner in a petition for review proceeding as it was here. Finally, even looking past these various review bars, there's simply no due process violation or other legal error. As an initial matter, the discretionary hardship determination is not something that should be reviewed in habeas. This Court's court in K-law said very clearly that a hardship determination is clearly a discretionary act. And this Court in the Gutierrez-Chavez case said that these discretionary decisions cannot be reviewed in habeas. Instead, there must be a legal or constitutional error. Here, there was no legal error. Ms. Paperno clearly did not satisfy the seven-year continuous residency requirement. She entered this country in November of 1986 and was issued an order to show cause in March 1993, which is less than seven years. She essentially concedes this on page 40 of the record in her habeas petition. And under this Court's RAM decision, the continuous presence requirement is not met, but even under the old law, it would not have been met because she sought relief prior to being here seven years. Finally, there's no due process violation here. She was able to submit her evidence of hardship, but beyond that, there can be no prejudice because she does not meet the more basic requirement, eligibility requirement of being here for seven years continuously before receiving an order to show cause. Unless the Court has questions, I would encourage it to affirm the order of the district court. Thank you, Your Honor. Thank you, counsel. Just a very quick rebuttal, Your Honors. Although it is technically correct that she did not specifically ask for certain review, the fact is the Court itself at the district level responded to the appellant's and made a decision which directly impacted on the merits of the case. And so it would be unfair and it would also be disingenuous for this Court to say that we will not allow a review of what the district court judge said simply because it appears that appellant may not have raised an issue when, in fact, the appellant Well, I don't think if the Court did that, it would be disingenuous. It may be disingenuous for you to argue that. Well, with all due respect, Your Honor, if the district court judge ---- I mean, Judge Fernandez read you what you said to the Court. That is correct. It may be somewhat disingenuous for you to come to this Court and say something different. And certainly it's not fitting for you to accuse the Court of being disingenuous. And I withdraw the word disingenuous, Your Honor. I apologize. What I would like to refer to is the fact that the district court judge did, in fact, rule on this issue. So therefore, once there is a ruling by the district court judge, it would be clear that that ruling is reviewable by the Court. How the judge determined that ruling, how the judge made a decision might be a separate issue. But the fact of the matter is the district court judge did review those facts and make a decision. And that's why we have to ---- To what decision are you referring to? Page 90 of the administrative record. The magistrate recommendation specifically refers to the merits of the case and makes a determination as to the merits, saying that, in fact, the magistrate finds the case is not meritorious. Isn't that an alternative? Wasn't that an alternative recommendation? It was indeed, but it still was a review by the Court. And therefore, that should be reviewed by this Court. Whether the Court finds it meritorious or not is a separate issue, but it should be reviewable. Thank you. Thank you, counsel. The case is arguably submitted.
judges: Reinhardt, Fernandez, Rawlinson